UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER INDUSTRY WELFARE FUND, )
TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER LOCAL 669 UA EDUCATION FUND, )
TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER INDUSTRY PENSION FUND, )
TRUSTEES OF THE SPRINKLER INDUSTRY )
SUPPLEMENTAL PENSION FUND, TRUSTEES )
OF THE INTERNATIONAL TRAINING FUND, )
TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER INDUSTRY METAL TRADES )
WELFARE FUND AND TRUSTEES OF THE )
NATIONAL AUTOMATIC SPRINKLER )
INDUSTRY METAL TRADES PENSION FUND )
8000 Corporate Drive )
Landover, MD 20785, )
                                                     Plaintiffs, )
)
                                              v. ) C.A. NO.:
)
FEY FIRE PROTECTION, INC. )
1072 Bartlett Street )
Phillipsburg, NJ 08865, )
)
Serve:   Cynthia Fey, Registered Agent )
            1072 Bartlett Street )
            Phillipsburg, NJ 08865, )
)
                                              Defendant. )

## COMPLAINT

(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS)

## PARTIES

1.    Plaintiffs National Automatic Sprinkler Industry Welfare Fund, National Automatic Sprinkler Local 669 UA Education Fund, National Automatic Sprinkler Industry Pension Fund, Sprinkler Industry Supplemental Pension Fund, the International Training Fund,

National Automatic Sprinkler Metal Trades Welfare Fund and National Automatic Sprinkler Metal Trades Pension Fund (hereinafter "NASI Funds") are employee benefit plans as that term is defined in Section 3(3) of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1002(3). Plaintiff NASI Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the Funds (hereinafter "NASI Trust Agreements") and the Collective Bargaining Agreements between Sprinkler Fitters Local Unions Nos. 696, 692, 669 and the Defendant. The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland 20785.

2. The Defendant Fey Fire Protection, Inc. is a corporation existing under the laws of the State of New Jersey with offices located in New Jersey. Defendant transacts business in the State of New Jersey as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

## JURISDICTION

3. This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). This is an action for breach of Collective Bargaining Agreements between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreements.

## COUNT I

4. Defendant is signatory to Collective Bargaining Agreements with Sprinkler Fitters Local Unions Nos. 696, 692 and 669 requiring contributions to the NASI Funds for each hour of work by employees performing installation of automatic sprinkler systems.

5. Defendant employed certain employees covered by the Collective Bargaining Agreements during the months of January 2012 through the present.

6. Defendant is bound to the NASI Trust Agreements and the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

7. Pursuant to the terms of the Defendant's Collective Bargaining Agreements, the Trust Agreements and the Guidelines, the Trustees of the NASI Funds have the authority to conduct an audit of the payroll and wage records of the Defendant for the purposes of determining the accuracy of contributions to the Funds.

8. In 2015, the NASI Funds' auditor performed an audit of the Defendant's wage and payroll records covering the period of January 1, 2012 through March 31, 2015. Said audit revealed contributions due and owing to the Plaintiff Funds by the Defendant in the amount of $6,316.60 for work performed in the jurisdictions of Sprinkler Fitters Local Unions 696, 692 and 669. Defendant has refused to pay this amount owed to the NASI Funds.

9. Defendant has failed to make contributions in the amount of $48,618.24 due to Plaintiff Funds for the months of February 2016 through July 2016 for work performed by its sprinkler fitter employees in the jurisdiction of Sprinkler Fitters Local Union 692. Pursuant to the terms of the Collective Bargaining Agreement with Sprinkler Fitters Local Union 692, Defendant is obligated to submit report forms and pay contributions owed to Plaintiff Funds.

10.     Pursuant to Article VI, Section 6 of the Restated Agreements and Declarations of Trust establishing the NASI Funds, when an employer is two or more months delinquent in making the contributions required on behalf of his employees and has not submitted the required documents showing the employees who worked for him and hours worked, the Funds are authorized to project the delinquency amount using the following formula:

> . . . The Trustees may project as the amount of the delinquency the greater of (a) the average of the monthly payments or reports submitted by the Employer for the last three (3) months for which payments or reports were submitted, or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted . . .

11.     Defendant has failed to make contributions due to Plaintiff Funds for the months of February 2016 through July 2016 for work performed by its sprinkler fitter employees in the jurisdiction of Sprinkler Fitters Local Union 669. In addition, Defendant has failed to submit report forms for these months. Pursuant to the terms of the Collective Bargaining Agreement with Sprinkler Fitters Local Union 669, Defendant is obligated to submit report forms and pay contributions owed to Plaintiff Funds.

12.     Using report forms submitted for the last three (3) months for which reports were submitted, the projected delinquency for the months of February 2016 through July 2016 for work performed in the jurisdiction of Sprinkler Fitters Local Union 669 is $15,786.16 calculated as follows:

| **Month** | **Hours** |
|---|---|
| November 2015 | 56.0 |
| December 2015 | 208.0 |
| January 2016 | 89.0 |
| Average Month Hours: | 117.7 |

**Rates in Effect**

| | |
|---|---|
| Welfare | $8.77 |
| Education | $0.35 |
| Pension | $6.05 |
| SIS | $7.09 |
| ITF | $0.10 |

13.   Defendant has failed to make contributions in the amount of $762.24 due to Plaintiff Funds for the month of February 2016 for work performed by its sprinkler fitter employees in the jurisdiction of Sprinkler Fitters Local 696. Pursuant to the terms of the Collective Bargaining Agreement with Sprinkler Local Union 696, Defendant is obligated to submit report forms and pay contributions owed to Plaintiff Funds.

14.   Defendant has failed to make contributions due to Plaintiff Funds for the months of June and July 2016 for work performed by its sprinkler fitter employees in the jurisdiction of Sprinkler Fitters Local Union 696. In addition, Defendant has failed to submit report forms for these months. Pursuant to the terms of the Collective Bargaining Agreement with Sprinkler Fitters Local Union 696, Defendant is obligated to submit report forms and pay contributions owed to Plaintiff Funds.

15.   Using report forms submitted for the last three (3) months for which reports were submitted, the projected delinquency for the months of June and July 2016 for work performed in the jurisdiction of Sprinkler Fitters Local Union 696 is $19,897.87 calculated as follows:

| Month | Hours |
|---|---|
| March 2016 | 607.0 |
| April 2016 | 441.0 |
| May 2016 | 192.0 |
| Average Monthly Hours: | 413.3 |

| Rates in Effect | June 2016 | July 2016 |
|---|---|---|
| Welfare | $9.17 | $9.17 |
| Pension | $6.00 | $6.05 |
| SIS | $8.50 | $9.00 |
| ITF | $0.10 | $0.10 |

16. Defendant's contributions owed on behalf of its sprinkler fitter employees for the months of November 2014, June 2015 through January 2016 and partial contributions owed for February 2016 through April 2016 were paid late. The specific amounts paid and the date in which the Defendant's contributions were received by the NASI Funds are set forth on the attached breakdown (Exhibit A).

17. Defendant's contributions owed on behalf of its sprinkler fitter employees for the months of June and July 2016 and partial contributions owed on behalf of its sprinkler fitter employees for the months of February 2016 through May 2016 are late and Defendant's contributions as revealed owed by the wage and payroll audit of the Defendant's records for the period of January 1, 2012 through March 31, 2015 are late.

18. Pursuant to the NASI Funds Trust Agreement, an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

(1) If payment is not received in the Funds Office by the 15th of the month, 10% of the amount is assessed.

(2) An additional 5% is added if payment is not received in the Funds Office by the last working day of the month in which payment was due.

(3) An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

19. Pursuant to this provision, Defendant is obligated to the Plaintiff Funds in the amount of $49,940.21 for liquidated damages assessed on the late contributions as set forth

herein, plus interest at the rate provided in the NASI Trust Agreements, the Guidelines, and 29 U.S.C. Section 1132(g) from the date of delinquency to the date of payment.

**WHEREFORE**, in Count I, Plaintiff Funds pray judgment for Judgment against the Defendant as follows:

A. In the amount of $6,316.60 for contributions as revealed owed by the audit of Defendant's wage and payroll records for the period of January 1, 2012 through March 31, 2015, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreement, the NASI Funds Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g).

B. In the amount of $91,381.11 for contributions due for work performed in February 2016 through July 2016, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g).

C. In the amount of $49,940.21 for liquidated damages assessed on late contributions for the months of November 2014 and June 2015 through July 2016 and as revealed owed by the audit of Defendant's wage and payroll records for the period of January 1, 2012 through March 31, 2015, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreement, the NASI Funds Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g).

D. For all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreement, the Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g).

E.  For such further relief as the Court may deem appropriate.

          Respectfully submitted,

          **O'DONOGHUE & O'DONOGHUE LLP**
          4748 Wisconsin Avenue, N.W.
          Washington, D.C. 20016
          (202) 362-0041 – telephone
          (202) 362-2640 – facsimile
          cgilligan@odonoghuelaw.com

         By:_____/s/_____
          Charles W. Gilligan
          Maryland Bar No. 05682

          Attorneys for Plaintiffs

277388_1

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 6th day of September, 2016 on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC: TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC  20224
> Attention:  Employee Plans
>
> Secretary of Labor
> 200 Constitution Avenue, N.W.
> Washington, DC  20210
> ATTENTION:  Assistant Solicitor for
>     Plan Benefits Security

                                                              /s/
                                                    _____
                                                    Charles W. Gilligan

277388_1